## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:17-cv-11263

---

**GEORGE SAVAGE**
                    **Plaintiff,**

**V.**

**CITY OF BOSTON and KARL DUGAL**
                    **Defendants.**

---

### ANSWER OF DEFENDANT KARL DUGAL TO PLAINTIFF'S COMPLAINT

### PARTIES

1.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore neither admits nor denies same.

2.  Defendant admits that he is an employee of the Boston Police Department assigned to 40 Sudbury Street, Boston, MA 02114. Defendant further admits that he was employed by the Boston Police Department at all times material to the Complaint.

3.  Defendant admits the allegation contained in Paragraph 3 of the Complaint.

### JUSRISDICTION AND VENUE

4.  Paragraph 4 of Plaintiff's Complaint contains a statement of jurisdiction, and as such does not require a response.  To the extent that the Plaintiff's statement of jurisdiction states any claim against Dugal, it is denied.

### FACTS

5.  Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.  Defendant admits that Plaintiff did not have any outstanding warrants prior to his arrest and denies the remaining allegations contained in Paragraph 6.

1

7. Defendant admits that on June 16, 2014 he approached George Savage because he believed Mr. Savage to be an individual named Robert Green who had several outstanding warrants. Defendant denies the characterization that he accused Plaintiff of being Mr. Green.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff walked away from him up Boylston Street.  The Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that he followed Plaintiff, whom he believed to be Robert Green, up Boylston Street towards Tremont Street.  Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that two police officers were already on-scene for an unrelated incident.  Defendant further admits that Plaintiff was arrested.  The Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff was found not guilty on three of the four charges.

19. Defendant denies that Plaintiff denied he was Robert Green and that Plaintiff did nothing wrong.  The remainder of Paragraph 19 misconstrues and/or mistakes trial testimony, therefore Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits that he believed the Plaintiff and an individual by the name Robert Green resembled each other.  Defendant admits he approached Mr. Savage, because he believed him to be Robert Green. Defendant further admits that Mr. Green had several outstanding warrants.  The remainder of Paragraph 20 contains legal conclusions to which no response is required.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains conclusions of fact and/or law to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains conclusions of fact and/or law to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint consists of legal and/or factual conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint refers to a document, which speaks for itself.   To the extent a response is required Paragraph 25 consists of legal and/or factual conclusions to which no response is required.

26. Paragraph 26 of the Complaint refers to a document, which speaks for itself.   To the extent a response is required Paragraph 26 consists of legal and/or factual conclusions to which no response is required.

27. Paragraph 27 of the Complaint refers to a document, which speaks for itself.   To the extent a response is required Paragraph 27 consists of legal and/or factual conclusions to which no response is required.

28. Paragraph 28 of the Complaint refers to a document, which speaks for itself.   To the extent a response is required Paragraph 28 consists of legal and/or factual conclusions to which no response is required.

29. Paragraph 29 of the Complaint refers to a document, which speaks for itself.   To the extent a response is required Paragraph 29 consists of legal and/or factual conclusions to which no response is required.

30. Paragraph 30 of the Complaint refers to a document, which speaks for itself.   To the extent a response is required Paragraph 30 consists of legal and/or factual conclusions to which no response is required.

31. Paragraph 31 of the Complaint refers to a document, which speaks for itself.   To the extent a response is required Paragraph 31 consists of legal and/or factual conclusions to which no response is required.

32. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore neither admits nor denies same.

33. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore neither admits nor denies same.

34. Paragraph 34 of the Complaint refers to a document, which speaks for itself.  To the extent a response is required the Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint to the extent they pertain to him.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint to the extent they pertain to him.

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 37 to the extent they pertain to him.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 of the Compliant, therefore neither admits nor denies same.

## COUNT I – 42 U.S.C. §1983
### (Defendant Dugal)

40. Defendant adopts, repeats, reasserts, and incorporates by reference the answers and defenses set forth in the preceding paragraphs as though they were fully set forth herein.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

## COUNT II – ASSAULT AND BATTERY UNDER MASSACHUSETTS STATE LAW
### (Defendant Dugal)

46. Defendant adopts, repeats, reasserts, and incorporates by reference the answers and defenses set forth in the preceding paragraphs as though they were fully set forth herein.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

## COUNT III – MALICIOUS PROSECUTION UNDER MASSACHUSETTS STATE LAW
### (Defendant Dugal)

49. Defendant adopts, repeats, reasserts, and incorporates by reference the answers and defenses set forth in the preceding paragraphs as though they were fully set forth herein.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 52 of the Complaint, and therefore neither admits nor denies same.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

## COUNT IV – FALSE IMPRISONMENT UNDER MASSACHUSETTS STATE LAW
### (Defendant Dugal)

54. Defendant adopts, repeats, reasserts, and incorporates by reference the answers and defenses set forth in the preceding paragraphs as though they were fully set forth herein.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

5

## COUNT V – MASSACHUSETS CIVIL RIGHTS ACT, M.G.L. C.12,§111
### (Defendant Dugal)

57. Defendant adopts, repeats, reasserts, and incorporates by reference the answers and defenses set forth in the preceding paragraphs as though they were fully set forth herein.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

## COUNT VI – 42 U.S.C. §1983 MONELL CLAIM
### (Defendant City of Boston)

60. Defendant adopts, repeats, reasserts, and incorporates by reference the answers and defenses set forth in the preceding paragraphs as though they were fully set forth herein.

61. Paragraph 61 of the Complaint does not pertain to this Defendant, therefore no response is required.

62. Paragraph 62 of the Complaint does not pertain to this Defendant, therefore no response is required.

63. Paragraph 63 of the Complaint does not pertain to this Defendant, therefore no response is required.

64. Paragraph 64 of the Complaint does not pertain to this Defendant, therefore no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's injuries and/or damages, if any, were proximately caused by his own negligent or intentional conduct and/or by the conduct of others, and not by the conduct of Dugal.

### Third Affirmative Defense

Dugal, at all times, acted in good faith upon reasonable belief and that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### Fourth Affirmative Defense

Plaintiff is by his own acts, omissions, or negligence estopped from asserting any claims against Dugal.

### Fifth Affirmative Defense

Dugal's acts and conduct were performed according to, and protected by, law and/or legal process, and therefore, the Plaintiff cannot recover.

### Sixth affirmative Defense

Dugal is immune from suit as he was engaging in discretionary functions.

### Seventh Affirmative Defense

None of Dugal's acts or omissions were a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiff.  Nor were these alleged injuries or damages caused by any person or entity within Dugal's responsibility or control.

### Eighth Affirmative Defense

Dugal is immune from suit because his actions are protected by the doctrine of qualified immunity.

### Ninth Affirmative Defense

Plaintiff has not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches and /or the statute of limitations.

### Eleventh Affirmative Defense

Dugal states that at all times relevant to this Complaint he acted upon probable cause based upon reasonable grounds and that the circumstances justified his conduct.

### DEMAND FOR JURY TRIAL

Defendant, Karl Dugal, hereby demands a trial by jury on all issues so triable.

[Signature on the following page]

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.


 /s/ Erika P. Reis

Erika P. Reis


Date: 8/22/17

Respectfully submitted,

DEFENDANT, KARL DUGAL,

Eugene L. O'Flaherty
Corporation Counsel
By his attorneys:


/s/ Erika P. Reis
Erika P. Reis (BBO#669930)
Senior Assistant Corporation Counsel
Katherine Galle (BBO#691660)
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4042 (Reis)
(617) 635-4097 (Galle)
ErikaReis@boston.gov
Katherinegalle@boston.gov