## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:17-cv-11263-WGY

GEORGE SAVAGE,

      Plaintiff,

      v.

KARL DUGAL,

      Defendant.

## JOINT PRETRIAL MEMORANDUM

Plaintiff George Savage ("Plaintiff") and Defendant Karl Dugal ("Defendant") (collectively, the "Parties") hereby submit their joint pretrial memorandum pursuant to Local Rule 16.5 and the Court's Order of February 12, 2018, ECF No. 25.

## I.     CONCISE SUMMARY OF THE EVIDENCE

### A.     Plaintiff's Concise Summary of the Evidence

This is a civil rights action by Plaintiff George Savage sounding in false arrest and unreasonable force. Mr. Savage expects the evidence to show that, while standing on the sidewalk at 9 A.M. minding his business, he was approached by the Defendant Karl Dugal, a Boston Police Officer, as a result of Dugal's mistaken and unreasonable belief that Savage resembled a man, Robert Green, with outstanding warrants. After providing Dugal with his name and exchanging words, Savage attempted to walk away from Dugal to end their encounter. Dugal followed Savage up and down Boylston Street, and eventually grabbed him, threw him into an alley, and placed him under arrest. During the course of that arrest, Dugal threw Savage against a fence in the alley, choked Savage by placing his forearm across Savage's neck, and threw

Savage to the ground, handcuffing him face down on the pavement. Savage expects to introduce evidence that this arrest was made without probable cause to believe that he had committed a crime and that it was executed with unreasonable force. He also expects the evidence to foreclose any qualified immunity defense available to the officer.

Savage was held in custody for several hours after his arrest and eventually charged with Disorderly Conduct, Assault and Battery on a Public Employee, Resisting Arrest, and two counts of Threats to Commit a Crime in the Central Division of the Boston Municipal Court. He was acquitted of all charges after a jury trial.

After being released from custody on the date of the incident, he was treated at the Emergency Department of the Boston Medical Center for a scrape on his face and other various bumps and bruises associated with the incident. He did not receive any follow up treatment and his total medical bills were approximately $600.

The primary damages in this case are related to the emotional suffering Mr. Savage experienced as a result of this incident.

**B.      Defendant's Concise Summary of the Evidence**

Defendant Officer Karl Dugal expects the evidence to show that at the beginning of his shift on June 16, 2014, he checked the warrant list, which was part of his usual routine. Shortly after 9:30 a.m., Officer Dugal and his partner Officer Christopher Steele were making an unrelated outstanding warrant arrest across from 39 Boylston Street. This is a high crime area with a lot of drug activity. At some point during the arrest, Officer Dugal glanced across the street and noticed an individual whom he believed to be Robert Green standing near the Saint Francis House homeless shelter. From his earlier check of the warrant list, Officer Dugal knew that Robert Green had outstanding warrants.

Officer Dugal walked across the street and approached the individual he believed to be Robert Green.  In fact, the individual that Officer Dugal approached was not Robert Green but the Plaintiff.  Officer Dugal mistakenly but reasonably believed the Plaintiff to be Robert Green because both the Plaintiff and Robert Green were about the same height, about the same age, the same race, bald, and shared similar facial features.  What is more, Officer Dugal had previously seen Robert Green at 39 Boylston Street, the site of the same homeless shelter where Plaintiff was standing.  For his part, Plaintiff has used aliases in the past, including George Hicks, George Crawford, and William Savage.

Officer Dugal approached Plaintiff to ask if he was Robert Green.   Officer Dugal identified himself as a police officer, displaying his badge, and Plaintiff understood him to be a police officer.  Officer Dugal asked for the Plaintiff's name.  Plaintiff did not provide an answer but instead shouted curses at Officer Dugal.  Officer Dugal explained that Plaintiff looked like someone, Robert Green, for whom a warrant had issued.  Officer Dugal asked Plaintiff for identification, which Plaintiff refused to provide.  Plaintiff began to walk away.  Officer Dugal still believed Plaintiff to be Robert Green and followed him, continuing to ask for Plaintiff's identification. Plaintiff shouted at people in the area words to the following effect: "This guy keeps f---ing with me; watch what happens," and "you better stop f---ing with me or else."  This was a public area which was heavily trafficked in the early morning hours.

At the intersection of Boylston Street and Head Place, Plaintiff turned around, assumed a bladed stance, and stepped towards Officer Dugal with his fists clenched.  Officer Dugal put his hands on Plaintiff's forearms to prevent Plaintiff from raising his arms to assault him.  Plaintiff

attempted to push off Officer Dugal.  Plaintiff continued shouting, yelling, and trying to get the attention of people nearby.

At that point, Officer Dugal decided to place Plaintiff, whom he still believed was possibly Robert Green, under arrest.  He asked Plaintiff to put his arms behind his back.  Plaintiff refused to put his arms behind his back, and instead flailed his arms and struggled with Officer Dugal, who then yelled to his partner for help.  In the meantime, Plaintiff continued pushing off Officer Dugal and pushed Officer Dugal in the chest.  At this point, Officer Dugal intended to arrest Plaintiff for disorderly conduct, assault and battery on a public employee, and resisting arrest.

Officer Steele arrived along with another officer.  Officer Dugal and Plaintiff were on the ground.  At some point, the officers tried to roll Plaintiff over to get his arms and hands behind his back.  After a struggle, the three officers were able to get Plaintiff into handcuffs.  Plaintiff continued to be combative and verbally abusive.  After being placed in handcuffs, Plaintiff was still trying to pull away from the officers and strike them with his elbows.

Plaintiff was transported back to a police station, where he deliberately kicked the window of the police cruiser.  Inside the police station, he continued to shout at Officer Dugal, saying words to the following effect:  "If you weren't a cop back there, I would have killed you." He called Officer Dugal a "f-----."  And he threatened to rape the officers with their own guns.

At some point during booking, Officer Dugal learned Plaintiff's true identity.  Officer Dugal applied for criminal charges against Plaintiff for disorderly conduct, assault and battery on a public employee, resisting arrest, and threats.  Plaintiff was released from custody that same day on personal recognizance.  He went to Boston Medical Center and was promptly discharged. He did not sustain any physical damages as a result of this arrest.  Neither did Plaintiff sustain

any emotional or other injuries.  On the contrary, Plaintiff's past issues with drugs and his interactions with police officers before and after the incident suggest that it did not cause him emotional pain or suffering.

## II.      FACTS ESTABLISHED BY PLEADINGS, ADMISSION, OR STIPULATION

### A.      Stipulated Facts

1.      Defendant Karl Dugal was a Boston Police Officer at the time of the incident.

2.      When Officer Dugal arrested Mr. Savage, Officer Dugal was acting under color of state law.

3.      Plaintiff George Savage did not have any warrants for his arrest at the time of the incident.

4.      On the date of the incident, Robert Green had warrants for his arrest related to various drug and motor vehicle offenses in the Dorchester Division of the Boston Municipal Court.

## III.     CONTESTED ISSUES OF FACT

### A.      Plaintiff

Nearly all of the details of the encounter between Savage and Dugal are contested.

### B.      Defendant

1.      Officer Dugal mistakenly but reasonably suspected that Plaintiff was Robert Green.

2.      Plaintiff committed disorderly conduct by yelling threats of violence in a heavily-trafficked public area with the intention (whether realized or not) of attracting a hostile crowd, by assuming a bladed stance and stepping

toward Officer Dugal with clenched fists, and by flailing his arms, pushing off, pushing, struggling, attempting to elbow, and fighting against officers.

3.      Plaintiff committed assault and battery on a public employee by pushing off, pushing, struggling, attempting to elbow, and fighting against officers.

4.      Plaintiff resisted arrest by refusing to put his hands behind his back, by flailing his arms, and by struggling and fighting against officers when he knew he was being arrested.

5.      Plaintiff resisted arrest by kicking the window of the police vehicle.

6.      Plaintiff threatened the officers at the police station.

7.      Officer Dugal had reasonable suspicion to approach Plaintiff and to detain him to ascertain his identity.

8.      Officer Dugal had probable cause to arrest Plaintiff for disorderly conduct, for assault and battery on a public employee, and for resisting arrest.

9.      Officer Dugal had probable cause to apply for a criminal complaint against Plaintiff for disorderly conduct, for assault and battery on a public employee, for resisting arrest, and for threats.

10.     Officer Dugal acted at all times in good faith and without malice or corruption.

## IV.   <u>JURISDICTIONAL QUESTIONS</u>

### A.    <u>Plaintiff</u>

Plaintiff is not aware of any jurisdictional questions.

### B.    <u>Defendant</u>

None.

## V.     PENDING MOTIONS

Currently pending is the Defendants' Assented-To Motion For Disclosure Of Plaintiff's Criminal Offender Record Information (CORI) And Interstate Identification Index (III), ECF No. 42 (Dec. 21, 2018).  There are no other pending motions.

## VI.    ISSUES OF LAW & EVIDENTIARY QUESTIONS

### A.     Plaintiff

No motions for summary judgment were filed in this case, and the Plaintiff does not anticipate any substantial questions of law beyond those typically raised in §1983 actions (e.g. qualified immunity).  Although the Plaintiff does not believe the trial evidence will support a qualified immunity defense, Plaintiff recognizes that it is a possibility and reserves the right to brief the issue should it become necessary at trial. Plaintiff likewise reserves the right to oppose any motions in limine brought by the defendant.

### B.     Defendant

1. Whether Officer Dugal had probable cause to arrest Plaintiff for any crime?

2. Whether Officer Dugal had probable cause to apply for a criminal complaint against Plaintiff?

3. Whether Plaintiff committed disorderly conduct?

4. Whether Plaintiff committed assault and battery on a public employee?

5. Whether Plaintiff resisted arrest?

6. Whether Plaintiff threatened the officers?

7. Whether Officer Dugal is entitled to common law immunity against Plaintiff's state law tort claims?

8.      Whether Officer Dugal is entitled to qualified immunity as to all or any claims brought pursuant to 42 U.S.C. § 1983 and/or the Massachusetts Civil Rights Act?

9.      Defendants object to and will oppose any request by Plaintiff for instructions on punitive damages and to any argument by Plaintiff that he is entitled to punitive damages.

10.     Defendant's reserve the right to oppose any motions <u>in limine</u> brought by Plaintiff.

## VII.   <u>REQUESTED AMENDMENTS TO PLEADINGS</u>

### A.    <u>Plaintiff</u>

None.

### B.    <u>Defendant</u>

None.

## VIII.  <u>ADDITIONAL MATTERS</u>

### A.    <u>Plaintiff</u>

None.

### B.    <u>Defendant</u>

None.

## IX.    <u>PROBABLE LENGTH OF TRIAL</u>

### A.    <u>Plaintiff</u>

The Plaintiff anticipates that the evidence will take between 1 and 2 full days to present.

### B.    <u>Defendant</u>

Defendant anticipates that the full length of trial will take 3 half-days or 2 full days.

X.    **WITNESSES**

    A.    **Plaintiff**

    1.    Plaintiff George Savage
        86 Deering Road, #3
        Mattpan, MA 02126
        857-247-7153

Mr. Savage is a factual witness who will testify to all claims and defenses. He will present live testimony.

    2.    Christopher Steele
        Boston Police Department
    `   1 Schroeder Plaza
        Boston, MA 02120
        617-343-4200

Christopher Steele was Dugal's partner on the date of the incident and is a factual witness. The Plaintiff anticipates that Steele will present live testimony.

    B.    **Defendant**

    1.    Officer Karl Dugal
        Boston Police Department
        One Schroeder Plaza
        Boston, MA 02120
        (617) 343-4500

Officer Dugal is the Defendant.  He will testify to everything he witnessed during the incident and to his defenses.

    2.    Officer Christopher Steele
        Boston Police Department
        One Schroeder Plaza
        Boston, MA 02120
        (617) 343-4500

Officer Steele was on scene and assisted Officer Dugal in arresting Plaintiff.  He will testify to everything he witnessed during the incident and to Officer Dugal's defenses.

    3.    George Savage
        86 Deering Road, #3

Mattpan, MA 02126
857-247-7153

George Savage is the Plaintiff and will testify to his claims and the extent, if any, of his purported damages.

The Defendant reserves the right to call rebuttal witnesses as may be necessary. Defendant does not expect to present the testimony of any witnesses by deposition or interrogatory but reserves the right to use the deposition transcripts, interrogatory answers, or other statements of any witness for purposes of impeachment.

## XI.  **PROPOSED EXHIBITS**

### A.  **Proposed Joint Exhibits**

1.  **Exhibit 1:** Surveillance video of Boylston Street on the date of the incident capturing the beginning of the encounter between Savage and Dugal.

2.  **Exhibit 2:** Booking photo of George Savage from date of incident.

3.  **Exhibit 3:** Booking photo of Robert Green.

4.  **Exhibit 4:** RMV photo of Robert Green.

5.  **Exhibit 5:** Medical records of George Savage from June 16, 2014 visit to the Boston Medical Center.

6.  **Exhibit 6:** Medical bills from Savage's June 16, 2014 visit to the Boston Medical Center.

7.  **Exhibit 7:** Criminal Justice Information System printout showing records accessed by Dugal on the morning of the incident.

B.      **Defendant's Proposed Exhibits**

Defendant reserves the right to obtain and use any relevant certified convictions, if they exist.  Defendant's assented-to motion for CORI and Triple-I information, if it exists, is currently pending before the Court.

XII.    **POSITIONS ON REMAINING OBJECTIONS TO EVIDENCE IN PRETRIAL DISCLOSURES**

A.      **Plaintiff**

Not applicable.

B.      **Defendant**

Defendant has no objection to the above exhibits.


Respectfully submitted,

**PLAINTIFF GEORGE SAVAGE**          **DEFENDANT KARL DUGAL**

Eugene L. O'Flaherty
Corporation Counsel

By his attorneys:                    By his assistant:


/s/ Justin Drechsler                 /s/ Matthew M. McGarry
Justin Drechsler (BBO# 676968)       Erika P. Reis (BBO# 669930)
Law Offices of Justin Drechsler, P.C. Senior Assistant Corporation Counsel
485 Massachusetts Ave., Suite 300    Matthew M. McGarry (BBO# 678363)
Cambridge, MA 02139                  Assistant Corporation Counsel
(617) 210-7955                       City of Boston Law Department
jdlawboston@gmail.com                City Hall, Room 615
                                     Boston, MA 02201
Patrick Groulx (BBO# 673394)         (617) 635-4031 (Reis)
Isenberg Groulx, LLC                 (617) 635-4042 (McGarry)
368 W Broadway, Suite 2              erika.reis@boston.gov
Boston, MA 02127                     matthew.mcgarry@boston.gov
(857) 880-7889
patrick@i-gllc.com


Dated:  January 7, 2019

## CERTIFICATE OF SERVICE

I, Matthew M. McGarry, hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

Dated:  January 7, 2019                    /s/ Matthew M. McGarry
                                           Matthew M. McGarry