**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 1:17-cv-11263-WGY

GEORGE SAVAGE,

    Plaintiff,

    v.

KARL DUGAL,

    Defendant.

**DEFENDANT'S MOTION *IN LIMINE* AND INCORPORATED MEMORANDUM OF LAW TO EXCLUDE CERTAIN EVIDENCE OR ARGUMENT REGARDING FINDINGS OF CRIMINAL JUDGE OR JURY**

**I.     INTRODUCTION**

Defendant Karl Dugal ("Defendant") hereby moves the Court to exclude evidence or argument from trial that specifically discusses the role of the judge and/or jury in the Plaintiff's related criminal case.  Defendant does not seek to exclude from evidence the fact that Plaintiff's criminal case resolved in his favor.  Rather, Defendant seeks only to exclude any discussion that those determinations were made by a judge or by a jury, as well as any discussion of which specific charges resulted in dismissal versus acquittal.  The probative value of such evidence or argument is substantially outweighed by unfair prejudice to Defendant.  Fed. R. Evid. 403.  Specifically, the risk exists that a jury will be distracted from the evidence before them.  Instead, they may improperly give weight or perhaps even seek comfort in the findings of the judge and jury in a separate case.

## II.    ARGUMENT

The Court should exclude from trial any evidence or argument (1) that the Plaintiff had criminal charges dismissed <u>by a judge</u>, (2) that the Plaintiff was acquitted of criminal charges <u>by a jury</u>, or (3) regarding which specific charges resulted in dismissal versus acquittal.  In relevant part, Fed. R. Evid. 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury[.]"  In interpreting Rule 403, the First Circuit has recognized "the attendant danger of jury confusion and unfair prejudice" which causes courts to "exclu[de] . . . judicial findings, convictions, and similar evidence on Rule 403 grounds."  <u>Faigin v. Kelly</u>, 184 F.3d 67, 80 (1st Cir. 1999).

The instant case presents such danger.  If it comes to understand that a judge or jury made findings in a separate but related proceeding, the jury in the instant case may be distracted from the evidence and instead give improper weight to those findings.  <u>See</u> <u>Gil de Rebollo v. Miami Heat Assocs., Inc.</u>, 137 F.3d 56, 64 (1st Cir. 1998) ("Under the circumstances, admission of [the] criminal conviction would have allowed the jury to substitute the judgment reached in the criminal proceeding for its own."); <u>Faigin</u>, 184 F.3d at 80 ("A lay jury is quite likely to give special weight to judicial findings merely because they are judicial findings.").  Likewise, there exists the danger of "muddling . . . the procedural and substantive differences" between a criminal prosecution and a civil lawsuit.  <u>See</u> <u>Williams v. Drake</u>, 146 F.3d 44, 48 (1st Cir. 1998) (upholding exclusion of guilty plea made before prison disciplinary board).

Such evidence has no probative value to be weighed against this substantial risk.  On the contrary, Defendant does not seek to exclude the fact that the criminal case resolved in Plaintiff's favor.  Consequently, there is no prejudice to Plaintiff.  <u>See</u> <u>Faigin</u>, 184 F.3d at 80-81 (affirming

evidentiary decision which excluded judicial order but permitted other evidence regarding prior litigation).

Because the probative value of the evidence or argument cannot outweigh the substantial risk of unfair prejudice or confusion, the Court should exclude any evidence or argument to the effect that prior findings in the related criminal case were made by a judge or jury, as well as any evidence or argument tending to reveal which charges were disposed by a judge versus a jury.

### III.   CONCLUSION

For all the foregoing reasons, Defendant hereby requests that this Honorable Court exclude from trial any evidence or argument (1) that the Plaintiff had criminal charges dismissed by a judge, (2) that the Plaintiff was acquitted of criminal charges by a jury, or (3) regarding which specific charges resulted in dismissal versus acquittal.

Date:  January 7, 2019                              Respectfully submitted,

                                                    **DEFENDANT KARL DUGAL**

                                                    Eugene L. O'Flaherty
                                                    Corporation Counsel

                                                    By his assistant:


                                                    /s/ Matthew M. McGarry
                                                    Erika P. Reis (BBO# 669930)
                                                    Senior Assistant Corporation Counsel
                                                    Matthew M. McGarry (BBO# 678363)
                                                    Assistant Corporation Counsel
                                                    City of Boston Law Department
                                                    City Hall, Room 615
                                                    Boston, MA 02201
                                                    (617) 635-4031 (Reis)
                                                    (617) 635-4042 (McGarry)
                                                    erika.reis@boston.gov
                                                    matthew.mcgarry@boston.gov


## CERTIFICATE OF SERVICE

I, Matthew M. McGarry, hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

Dated:  January 7, 2019                             /s/ Matthew M. McGarry
                                                    Matthew M. McGarry

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I conferred with counsel for the Plaintiff regarding the contents of this motion by telephone on January 7, 2019.  We were unable to narrow the issues raised in the above motion on that call.

Dated:  January 7, 2019                             /s/ Matthew M. McGarry
                                                    Matthew M. McGarry