**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 1:17-cv-11263-WGY

GEORGE SAVAGE,

    Plaintiff,

    v.

KARL DUGAL,

    Defendant.

**DEFENDANT'S MOTION *IN LIMINE* AND INCORPORATED MEMORANDUM OF LAW TO EXCLUDE FROM EVIDENCE CERTAIN TEXT MESSAGES**

**I.   INTRODUCTION**

Defendant Karl Dugal ("Officer Dugal") hereby moves the Court to preclude the Plaintiff from introducing into evidence certain text messages, bates stamped D0846 through D0853. Briefly, these documents are text messages between Officer Dugal and Officer Steele, a witness in this case who was also Officer Dugal's partner on the date of the incident. See Joint Pretrial Mem., ECF No. 45, at 2 (Jan. 7, 2019). The text messages occurred in 2018, four years after the incident at issue in this case, and they do not discuss the substance of the case. Plaintiff now seeks to use these messages to attack the character of Officer Steele and, by extension, the character of Officer Dugal. Fortunately, the law prevents Plaintiff from doing so. See Fed. R. Evid. 401, 402, 403, 404(b), 408. Because the text messages are not relevant, unduly prejudicial, reference potential settlement, and constitute impermissible evidence of prior acts, they must be excluded from evidence. Id.

**II.   ARGUMENT**

The Court should exclude the text messages from evidence under Federal Rules of Evidence 401, 402, 403, 404(b), and 408.  The text messages at issue were exchanged in 2018, <u>four years</u> after the incident at issue in this case, and they do not discuss the substance of the case; rather, they discuss only (1) the fact that Officer Steele received notice of an internal affairs investigation, (2) the fact that both officers were scheduled to be deposed, (3) a request from Officer Steele to Officer Dugal for the incident number related to Mr. Savage's arrest, and (4) the fact that the case was still ongoing.  This latter discussion includes a statement from Officer Steele that he thought the case had settled.  In another message, (5) Officer Steele also wrote: "Who is taking this bag of sh-- seriously ????"  For the reasons explained below, all of these messages should be excluded from evidence.

**A. The Court Should Exclude The Text Messages Because They Are Not Relevant To Any Of Plaintiff's Claims.**

The Court should exclude the text messages because they are not relevant to any of Plaintiff's claims.  Federal Rule of Evidence 401 defines relevant evidence as only that evidence which makes "more or less probable" a fact which "is of consequence in determining the action."  If evidence is not relevant, then Federal Rule of Evidence 402 compels its exclusion.

This case is about what happened on June 16, 2014.  <u>See generally</u> Compl., ECF No. 1-1 (July 11, 2017).  The fact that four years later, the officers discussed the mere existence of a Boston Police Department internal affairs investigation does not make any fact of consequence in this litigation more or less true.  <u>See</u> Fed. R. Evid. 401.  Therefore, the message which speaks merely to the existence of such an investigation must be excluded.  <u>See</u> Fed. R. Evid. 402.  Likewise, the officers' discussion of the fact that they were going to be deposed in this lawsuit does not in any way affect what happened on June 16, 2014, and that evidence must likewise be

excluded. See Fed. R. Evid. 401, 402. For the same reason, it is not relevant that Officer Steele asked in late August 2018 for the incident number of this case, and these messages should be excluded as well. See id. Nor is it relevant that the officers discussed the fact that the case was still ongoing and had not settled in December 2018. See id.

On to the heart of the matter: Plaintiff's strongest argument is that Officer Steele's message shows malice, but the argument must fail because under the law of Plaintiff's own claims, any such malice is irrelevant. For malice to be relevant in the instant case, it must have been part of Officer Dugal's motivation at the time he arrested and charged Plaintiff. Among the issues in this case, malice can only be relevant to Plaintiff's malicious prosecution claim[1] or to Officer Dugal's common law immunity defense. And in both instances, malice is only relevant where it is temporally tied to the alleged wrongful act.

As to the tort of malicious prosecution, the Supreme Judicial Court has explained that a plaintiff must prove that the Defendant "instituted criminal proceedings against [him] with malice[.]" Correllas v. Viveiros, 410 Mass. 314, 318 (1991). Similarly, the defense of common law immunity applies where the Defendant made a "discretionary decision within the scope of [his] authority" but did so "in good faith, without malice and without corruption." E.g., Cachopa v. Town of Stoughton, 72 Mass. App. Ct. 657, 665 (2008) (quoting Gildea v. Ellershaw, 363 Mass. 800, 820 (1973)). So in both instances, the relevant question is whether Officer Dugal

---

[1] Plaintiff has five remaining claims in this lawsuit, but as to four of those claims, the existence of malice has no bearing. Plaintiff's Section 1983 claims for unreasonable force and seizure must be analyzed "without regard to [the officer's] underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989); see also Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009). Plaintiff's state law assault and battery and false imprisonment claims are subject to the same objective standard. Dean v. City of Worcester, 924 F.2d 364, 369 (1st Cir. 1991); Jonielunas v. City of Worcester, 338 F. Supp. 2d 173, 177 (D. Mass. 2004). And malice is not an element of a claim under the Massachusetts Civil Rights Act. Turkowitz v. Town of Provincetown, 914 F. Supp. 2d 62, 76 (D. Mass. 2012).

acted with malice when he made the decisions to arrest and charge Plaintiff.  See Correllas, 410 Mass. at 318; Cachopa, 72 Mass. App. Ct. at 665.

Officer Steele's text message does not affect the answer to this question.  The message is (1) too far removed in time, and (2) sent by someone who is not a defendant (3) well after Plaintiff initiated a lawsuit against his partner.  Cf. Fed. R. Evid. 401.  Defendant instituted criminal proceedings against Plaintiff on June 16, 2014.  Compl., ECF No. 1-1, at ¶ 15 (July 11, 2017).  Officer Steele sent his text message in 2018—four full years later.  The message is simply too far removed in time to be probative of anyone's subjective motives at the time criminal charges were brought.  Moreover, malicious prosecution and common law immunity are only concerned with the malice of the defendant, and Officer Steele is not a defendant.  See Correllas, 410 Mass. at 318; Cachopa, 72 Mass. App. Ct. at 665.  There is no evidence that Officer Dugal responded to that particular message.  Finally, Officer Steele's message was sent well after the institution of this lawsuit, and it followed text messages noting the existence of an internal affairs investigation and a deposition in the instant case.  Any so-called malice reflected in that text message is not probative of how Officer Steele felt years ago at the time of the arrest; rather, it more likely speaks to how he felt in 2018 about that investigation and this lawsuit.

For the foregoing reasons, the text messages are not relevant, and the Court should exclude them pursuant to Federal Rules of Evidence 401 and 402.

### B. The Court Should Exclude Officer Steele's Text Message As Inadmissible Evidence Of A Prior Act.

Officer Steele's text calling the Plaintiff a "bag of sh--" should be excluded under Federal Rule of Evidence 404(b) because it is impermissible evidence of a prior act.  The First Circuit has developed a two-part test to assess such evidence.  United States v. Landry, 631 F.3d 597, 601-02 (1st Cir. 2011).  The first step is an analysis under Federal Rule of Evidence 404(b),

which provides that a "wrong[] or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Landry, 631 F.3d 597, 601-03.  As part of this first step, courts determine whether the evidence has a "'special' relevance" to a contested issue apart from establishing propensity.  Id. at 602.  In making this determination, courts look particularly to the "temporal relationship" between the other act and the incident in question.  Id.

Here, there is no "special relevance."  Instead, Plaintiff reaches directly for the very fruit forbidden by Rule 404(b):  the only purpose of the text message is to attack Officer Steele's character and to suggest that he acted accordingly.  Even more importantly, the relevant conduct at issue and Officer Steele's message are not close in time; on the contrary, they are separated by four years and by the institution of this lawsuit.  Section II.A., supra.  For these reasons, the text message fails the first step of the First Circuit's test for such evidence.  The second part of that test is an analysis under Rule 403.  Landry, 631 F.3d at 602.  As described in Section II.C., infra, Officer Steele's text message is likewise inadmissible under that rule.

For the foregoing reasons, Officer Steele's text message should be excluded pursuant to Rule 404(b).

### C. The Court Should Exclude The Text Messages Because They Are Unduly Prejudicial.

The Court should exclude the text messages because their probative value is substantially outweighed by the danger of unfair prejudice.  Federal Rule of Evidence 403 provides that the Court may exclude evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues[.]"  As established in Section II.A., supra, the text messages have no probative value—they do not make any fact of consequence more or less

likely.  See Fed. R. Evid. 401.  This absence of probative value is substantially outweighed by the risk of confusion and unfair prejudice.  See Fed. R. Evid. 403.

First, Officer Steele's text message calling the Plaintiff a "bag of sh--" should be excluded under Rule 403.  Again, Officer Steele is not a defendant, and the text messages are too far removed in time and the course of events to have any probative value even as to him.  Section II.A., supra.  More importantly, this absence of probative value is substantially outweighed by the risk of confusing the issues and unfairly prejudicing the Defendant.  There is a real risk that the jury will confuse the issue of malice and inappropriately consider whether malice existed four years after Officer Dugal arrested and charged Plaintiff.  Correllas, 410 Mass. at 318; Cachopa, 72 Mass. App. Ct. at 665.  Moreover, there is a real risk that the jury will inappropriately impute Officer Steele's comments to the Defendant.  For these reasons, Officer Steele's text message should be excluded under Rule 403.

Second, the text message discussing the scheduled internal affairs interview should be excluded under Rule 403.  As described above, the mere existence of an internal affairs investigation is irrelevant.  Section II.A., supra.  Against this absence of probative value, the Court must weigh the substantial risk that the jury will draw an improper conclusion from the existence of such an investigation.  For example, a juror may inappropriately conclude that Officer Dugal must be liable for something simply because the Boston Police Department is investigating him.  See Superchi v. Town of Athol, 170 F.R.D. 3, 4-6 (D. Mass. 1996) (Gorton, J.) (finding prior complaints against policeman were "clearly more prejudicial than probative").  Therefore, the reference to the internal affairs investigation should be excluded under Rule 403.

Third, Officer Steele's text message expressing his belief that the case had settled must be excluded under Rule 403. It has no probative value to what happened on June 16, 2014. Section II.A., supra. On the contrary, it risks confusing the issues before the jury and unduly prejudicing the Defendant insofar as the jury may wrongly conclude that any discussion of settlement suggests the Defendant did something wrong. See Fed. R. Evid. 408. Therefore, the reference to potential settlement should be excluded under Rule 403.

### D.  The Court Should Exclude The Text Message Referencing Potential Settlement.

The Court should also exclude the text message referencing potential settlement under Federal Rule of Evidence 408, which provides that evidence of settlement negotiations "is not admissible . . . either to prove or disprove the validity or amount of a disputed claim[.]" Fed. R. Evid. 408(a). Officer Steele's statement that he thought the case had settled does not fit into any exception to this rule, Fed. R. Evid. 408(b), and therefore it must be excluded.

### III.  CONCLUSION

For all the foregoing reasons, Defendant hereby requests that this Honorable Court exclude from evidence the text messages produced at bates numbers D0846 through D0853.

| | |
|---|---|
| Date: January 29, 2019 | Respectfully submitted, |
| | **DEFENDANT KARL DUGAL** |
| | Eugene L. O'Flaherty<br>Corporation Counsel |
| | By his assistant: |
| | /s/ Matthew M. McGarry<br>Erika P. Reis (BBO# 669930)<br>Senior Assistant Corporation Counsel<br>Matthew M. McGarry (BBO# 678363)<br>Assistant Corporation Counsel<br>City of Boston Law Department<br>City Hall, Room 615<br>Boston, MA 02201<br>(617) 635-4031 (Reis)<br>(617) 635-4042 (McGarry)<br>erika.reis@boston.gov<br>matthew.mcgarry@boston.gov |

## CERTIFICATE OF SERVICE

I, Matthew M. McGarry, hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

Dated: January 29, 2019        /s/ Matthew M. McGarry
                               Matthew M. McGarry

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I conferred with counsel for the Plaintiff regarding the contents of this motion by email on January 28 and January 29, 2019. We were unable to narrow the issues raised in the above motion.

Dated: January 29, 2019        /s/ Matthew M. McGarry
                               Matthew M. McGarry